# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Laura Pergolizzi, | ) |
|         Plaintiff, | ) Civil Action No.: 9:17-cv-02923-JMC |
| v. | ) **ORDER** |
| Commissioner of Social Security Administration, | ) |
|         Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on December 17, 2018 (ECF No. 12). The Report addresses Plaintiff Laura Pergolizzi's ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (ECF No. 12 at 15.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 12.) As brief background, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled for purposes of the Social Security Act ("the Act") on September 27, 2016, and denied Plaintiff's claim for DIB. (ECF No. 6-2 at 37.) Although the ALJ found that Plaintiff has "major depressive disorder, generalized anxiety disorder, attention deficit disorder, lumbar degenerative disc disease and radiculopathy status-post surgery, crohn's

1

disease, overactive bladder, and fibromyalgia," the ALJ concluded that Plaintiff possessed "the residual functional capacity to perform a range of sedentary work . . . ." (*Id.* at 25, 28.) Plaintiff requested the Appeals Council ("the Council") to review the ALJ's decision and was denied that request on August 28, 2017. (ECF No. 6-2 at 1.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on October 30, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge found that the ALJ "erred by relying on the [vocational expert]'s testimony to reach his decision, thereby requiring a remand of this case for further review." (ECF No. 12 at 4.) Specifically, the Report reasoned that there was a discrepancy between the requirements for certain jobs identified by the vocational expert and Plaintiff's residual functional capacity. (*Id.* at 7-9.) The Report ultimately concluded that "the ALJ did not obtain a reasonable explanation for the conflict between the [Dictionary of Occupational Titles] and [vocational expert]'s testimony before relying on the [vocational expert]'s testimony that Plaintiff could perform [the] jobs listed by the [vocational expert]." (*Id.* at 8.) In addition to the foregoing, the Report found that the ALJ "failed to 'build an accurate and logical bridge from the evidence to his conclusion.'" (*Id.* at 14 (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)).) Taken together, the Report could not conclude that the ALJ's decision was based upon substantial evidence. (*Id.* at 10-15.) On these different bases, the Report recommended that the court reverse the decision of the Commissioner and remand the case for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (*Id.* at 15.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file specific objections to the Report on December 17, 2018. (ECF No. 12 at 17.) On December 21, 2018, the Commissioner notified the court that she would not object to the Magistrate Judge's Report. (ECF No. 13 at 1.) Plaintiff has not filed any objection to the Report.

In the instant case, the court has carefully examined the findings of the Report and concludes that the ALJ's decision was not supported by substantial evidence. (ECF No. 12 at 7-15.) Among the numerous other errors identified by the Report, the ALJ also failed to sufficiently account for Plaintiff's moderate limitations in concentration, persistence, and pace by restricting her residual functional capacity to simple tasks or unskilled work. (ECF No. 6-2 at 28, 83-85.) *See generally Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (holding that an ALJ does not account for a claimant's limitations by restricting a hypothetical question to simple, routine tasks or unskilled work). Since no specific objections were filed by either party and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 4, 2019
Columbia, South Carolina